

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FREDERICK J. GREDE**, as Liquidation Trustee of the Sentinel Liquidation Trust, | )<br>)<br>) Case No. 09 CV 00193 |
| Plaintiff, | ) |
| v. | )<br>) Honorable James B. Zagel |
| **DELORES E. RODRIGUEZ, BARRY C. MOHR, JR.,** and **COHEN & COMPANY SECURITIES, LLC,** | )<br>)<br>) Mag. Judge Susan E. Cox |
| Defendants. | )<br>) |

## STIPULATED CONFIDENTIALITY ORDER

This Stipulation and Order ("Agreement") is entered into by and between Frederick J. Grede, not individually but as the Liquidation Trustee for the Sentinel Liquidation Trust (the "Trustee"), and, Cohen & Company Securities, LLC ("Cohen Securities"), Dolores E. Rodriguez, and Barry C. Mohr, Jr. (collectively, "Defendants"). The Trustee and Defendants are referred to herein as the "Parties."

The purpose of this Agreement is to protect the confidentiality of depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") by Defendants, the Trustee, and any third parties who have produced or will produce in connection with *Grede v. Delores E. Rodriguez, Barry C. Mohr, Jr., and Cohen & Company Securities, LLC.*, Case No. 09 CV 193 (N.D. Ill.) (the "Proceeding"). In addition, the Trustee has filed two related suits: *Grede v. Delores E. Rodriguez, Barry C. Mohr, Jr., Jacques de St. Phalle, and Keefe, Bruyette & Woods, Inc.*, Case. No. 09 CV 193 (N.D. Ill.)

and *Grede v. Stephan M. Folan, Jacques de St. Phalle, and FTN Financial Securities Corp.*, Case No. 08 CV 6587 (N.D. Ill.) (the "Related Proceedings").

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows:

1) <u>Designation of Confidential and Highly Confidential Material.</u>

    a) Any Party may designate documents and information it produces or has produced as "Confidential" if the producing party believes that the material (1) contains information that is proprietary or commercially sensitive; (2) contains trade secrets or other confidential research, development, or commercial information; (3) contains non-public information of a personal or private nature; or (4) contains documents or information that are or is otherwise confidential and should be protected from public dissemination. Any Party may designate any document or other discovery material as "Highly Confidential" if the producing party in good faith believes that such material (i) constitutes Confidential material as described above; and (ii) contains or constitutes confidential information, which, if disclosed, could impair a competitive advantage or foster a competitive disadvantage.

    b) Documents and information may be designated as such by marking it "Confidential" or "Highly Confidential" or, with respect to documents produced electronically by the producing Party identifying by document identification number the documents it is designating as Confidential or Highly Confidential Material pursuant to this Agreement, and the receiving Party shall segregate the documents which have been identified by document identification number and take steps necessary to assure compliance with the provisions of this Agreement.

2) With respect to documents already produced by Defendants to the Trustee, Defendants may identify by document identification number the documents they are designating as Confidential or Highly Confidential Material pursuant to this Agreement, and the Trustee and his counsel shall take steps necessary to assure compliance with the provisions of this Agreement. This Agreement supersedes the agreement between the Trustee and Cohen Securities, dated October 24, 2007 concerning the treatment of Confidential or Highly Confidential Material in connection with Cohen Securities' production of documents in connection with Rule 2004 subpoenas; provided that the Trustee agrees to treat as Confidential or Highly Confidential Material under the terms of this Agreement any document previously produced by Cohen Securities and marked as Confidential or Highly Confidential.

3) <u>Designation of Confidential Material Produced by Non-Parties.</u>

   a) Persons or entities other than the Parties ("Non-Parties") that hereinafter produce documents in the Proceeding in response to a subpoena or document request, may also designate documents and information as Confidential or Highly Confidential if the non-party in good faith believes the material satisfies the respective definition in Paragraph 1(a) above. Non-Parties may designate material and information they consider to be Confidential or Highly Confidential Material by marking it "Confidential" or "Highly Confidential" or, with respect to documents produced electronically, by identifying by document identification number the documents they are designating as Confidential or Highly Confidential Material pursuant to this Agreement, and Defendants, the Trustee, and their counsel shall segregate the documents which have been identified by document identification number and take steps necessary to assure compliance with the provisions

of this Agreement.

b) All procedures, protections, restrictions, and uses described herein apply with equal force to Confidential and Highly Confidential Material designated by a Non-Party. This paragraph 2 does not apply to any documents already produced to the Trustee by Non-Parties as of the date of this Agreement.

4) Contesting Designation of Confidential Material.

If any of the Parties in good faith believe that documents, depositions, or information should not be designated as Confidential or Highly Confidential Material, counsel for that Party shall specify in writing to the designating Party (i) the information in issue and (ii) the grounds for questioning the designation. The designating Party must respond in writing within seven (7) business days or within such additional time as the Parties' counsel may agree to. If the Parties do not reach agreement regarding confidentiality, the Party challenging the designation may file a motion with the court to remove the confidentiality designation. The designating Party shall bear the burden to show that material designated as Confidential or Highly Confidential qualifies for protection. Until the designating Party agrees to or is ordered to withdraw its designation of material or information as Confidential or Highly Confidential, the Parties shall continue to treat such material or information as Confidential or Highly Confidential Material consistent with the terms of this Agreement.

5) Use of Confidential and Highly Confidential Material.

Information designated as Confidential or Highly Confidential shall be used solely in connection with this litigation and shall not otherwise be used by either party in furtherance of any personal, business, or other activity.

a) Except as otherwise provided in this Agreement, information designated as Confidential

4

DM1\1994317.1

may not be given, shown, or disclosed to any person other than:

i) Outside counsel and in-house counsel for the Party receiving the Confidential Material or, in the event that a deposition is noticed in the Proceeding or any Related Proceeding(s), all counsel attending said deposition, and all paralegal assistants, stenographic and clerical employees under the direct supervision of any counsel permitted to receive Confidential Material pursuant hereto, provided that all counsel attending said deposition and receiving Confidential Material disclosed therein are bound by the terms of this Agreement, as set forth in paragraph 10;

ii) Any person whose testimony is noticed to be taken, including Non-Party witnesses, for purposes of the Proceeding, including when in connection with a deposition noticed in the Proceeding or any Related Proceeding(s), where: (i) there is a reasonable basis for such disclosure; (ii) such person may only be shown information designated as Confidential Material during or in preparation for his or her testimony, and may not retain any such information; (iii) the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement and (iv) a Producing Party of any Confidential Material not present at such deposition is informed by the disclosing Party no later than five days after the deposition was taken that Confidential Material was disclosed therein and provided a transcript of the deposition upon request;

iii) Persons who were authors or recipients of the Confidential Material in the ordinary course of business, provided that the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement;

iv) The court with jurisdiction over the Proceeding;

5

v) Court reporting personnel involved in taking or transcribing testimony in the Proceeding;

vi) Experts or consultants retained by the Receiving Party or its counsel to whom it is necessary that Confidential Material be shown for purposes of the Proceeding, provided that the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement;

vii) Providers of litigation support, duplicating, and auxiliary services of a similar nature, routinely engaged by counsel;

viii) The legal representative of the Sentinel Liquidation Trust, including the Liquidation Trustee appointed pursuant to the plan of liquidation or his successor;

ix) Any person who, pursuant to the prior, written agreement of the Parties may receive such protected information, provided that the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement;

x) Current or former employees of any Party, including former employees of Sentinel, as reasonably necessary for purposes of the Proceeding, for use only in connection with the Proceeding, provided that with regard to documents produced by Defendants, in the case of former Sentinel employees, the person shown such information is aware of and agrees in writing to be bound by the terms of this Agreement by executing Attachment A to this Agreement; and

xi) Any member of the Sentinel Liquidation Trust Committee, counsel to such committee, or counsel to any member of such committee, provided that the person is given a copy of this Agreement and agrees to be bound by its terms by executing

DM1\1994317.1

Attachment A to this Agreement.

b) Except as otherwise provided in this Agreement, information designated as Highly Confidential may not be given, shown, or disclosed to any person other than:

i) Outside counsel of record for the Party receiving the Highly Confidential Material and all paralegal assistants, stenographic and clerical employees under the direct supervision of such counsel who need access to said information for purposes of the Proceeding;

ii) Any person whose testimony is noticed to be taken, including Non-Party witnesses, for purposes of the Proceeding, including when in connection with a deposition noticed in the Proceeding or any Related Proceeding(s), where: (i) there is a reasonable basis for such disclosure, (ii) such person may only be shown information designated as Highly Confidential during or in preparation for his or her testimony, and may not retain any such information; (iii) the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement and (iv) a Producing Party of any Highly Confidential Material not present at such deposition is informed by the disclosing Party no later than five days after the deposition was taken that Highly Confidential Material was disclosed therein and provided a transcript of the deposition upon request;

iii) Court reporting personnel involved in taking or transcribing testimony in the Proceeding;

iv) The court with jurisdiction over the Proceeding;

v) The legal representative of the Sentinel Liquidation Trust, including the Liquidation Trustee appointed pursuant to the plan of liquidation or his successor;

vi) Experts or consultants retained by the Receiving Party or its counsel to whom it is necessary that Confidential Material be shown for purposes of the Proceeding, provided that the person is given a copy of this Agreement and agrees to be bound by its terms by executing Attachment A to this Agreement; and

vii) Providers of litigation support, duplicating, and auxiliary services of a similar nature, routinely engaged by counsel.

6) <u>Information Generated From Inspection of Confidential or Highly Confidential Material</u>.

Any copies, photographs, quoted excerpts, oral readings, recordings, abstracts, summaries and work product containing matters designated Confidential or Highly Confidential shall be treated in the same manner as material marked Confidential or Highly Confidential. This includes any Confidential or Highly Confidential Material read to any person.

7) <u>Deposition Testimony</u>.

a) Deposition transcripts shall be deemed temporarily designated as Confidential, provided that within thirty (30) days after receipt of the transcript, counsel shall review the transcript and designate only those pages of the transcript that the designating Party believes constitute, reflect, or disclose Confidential information.

b) Counsel for any Party or a witness being deposed may also designate during a deposition that certain information disclosed during a deposition is to be treated as Highly Confidential by indicating on the record in the deposition, and such information shall be part of a separate transcript of such material.

c) Counsel for any Producing Party not present at a deposition in which Confidential or Highly Confidential Material was disclosed may, within thirty (30) days after receipt of the transcript, designate that portions of the transcript are to be treated as Confidential or

Highly Confidential, as the case may be, and such information shall be kept as part of a separate transcript of such material.

d) Notwithstanding any automatic or specific designations under this paragraph, a Party may object to Confidential or Highly Confidential designations pursuant to paragraph 4.

e) When information or documents designated as Highly Confidential are disclosed or discussed during a deposition, counsel for any Party or the witness who may be affected by such disclosure shall have the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such Highly Confidential information pursuant to this Agreement. The presence of in-house counsel at a deposition (or the failure to request in-house counsel to leave for portions of a deposition when Highly Confidential information is discussed) does not constitute a waiver or preclude a Party from designating all or part of the transcript of that deposition as Highly Confidential.

8) <u>Acknowledgment of Confidential or Highly Confidential Material</u>.

Counsel for the respective Parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement to be bound by the terms of this Agreement, if so required in paragraphs 4 or 5 above, of any person to whom any Confidential or Highly Confidential Material is disclosed. When serving subpoenas on Non-Parties, a copy of this Agreement (including Attachment A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Agreement. If a Non-Party witness has refused to execute Attachment A, he or she shall be advised on the record that he or she is subject to sanctions, including contempt in the event they violate the terms of this Agreement. This admonition shall serve as a substitute for the execution of Attachment A and shall permit

examination of the witness on documents or other information containing Confidential or Highly Confidential Material.

9) <u>Responses to Interrogatories or Requests for Admissions</u>.

Confidential or Highly Confidential Material may be referred to in responses to interrogatories or requests for admissions made by the Receiving Party, provided that the responses to interrogatories or requests for admissions in which the Confidential or Highly Confidential Material is revealed is prominently marked as "Confidential" or "Highly Confidential," as the case may be, and that such material is distributed only in accordance with this Agreement.

10) <u>Binding Effect</u>.

Upon entry of a protective order adopting the terms of this Agreement, the terms of this Agreement shall be binding on all Parties, persons who receive Confidential or Highly Confidential Material, and any other individual or entity who receives this order.

11) <u>Jurisdiction of the Court</u>.

Each individual who receives any Confidential or Highly Confidential Material hereby agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Agreement.

12) <u>Court Filings</u>.

Entry of a protective order adopting the terms of this Agreement shall constitute entry of an order in accordance with Local Rule 26.2(b) allowing Parties to file Confidential or Highly Confidential Material in this Court under seal without prior approval or order of the Court. Confidential or Highly Confidential Material attached as an exhibit to any filing shall be filed under seal in accordance with the procedures set forth in Local Rule 26.2(c) or other applicable

rules. Absent the designating Party's agreement, which shall not be unreasonably withheld or delayed, Confidential or Highly Confidential Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal in accordance with local rules.

13) <u>Disclosure of Material Not Obtained in the Proceeding</u>.

Subject to the provisions of paragraphs 2(c) above, nothing in this Agreement shall preclude any Party, its counsel, or any other person from disclosing or using, in any manner or for any purpose, its own information or any information or documents not obtained in discovery in the Proceeding, if such information is lawfully obtained from a Non-Party having the right to disclose such information, even though the same information or copies of the same documents may have been produced in discovery in the Proceeding and designated as Confidential or Highly Confidential Material.

14) <u>Subpoenas and Government Investigations</u>.

a) The Parties agree to provide prompt notice to the designating Party if any individual or entity subpoenas material designated as Confidential or Highly Confidential Material or if the production of such documents or information is ordered by another court. The subpoenaed Party will give such notice to the designating Party within five (5) business days of receiving a subpoena. No production of Non-Party Confidential or Highly Confidential Material will be made prior to the later of either the subpoena return date, or seven (7) business days after notice to the designating Party. If the designating Party has filed a motion for protective order at any time prior to the later of the subpoena return date or seven (7) business days after notice to the designating Party, the subpoenaed Party will make no disclosure until the designating Party agrees to produce the materials, or a

court orders the production.

b) Nothing in this Agreement shall limit the Parties' ability to produce or discuss the content of any material designated as Confidential or Highly Confidential to or with any governmental or regulatory agency that is investigating matters relating to Sentinel or related entities, including without limitation the Securities Exchange Commission, the Commodity Futures Trading Commission, the Department of Justice, the FBI, and the U.S. Postal Inspection Service. The party who seeks to produce the Confidential or Highly Confidential Material shall provide the producing Party with reasonable notice that it intends to produce Confidential or Highly Confidential Material, and shall generally identify the categories or types of documents it intends to produce.

15) <u>Inadvertent Disclosure.</u>

The inadvertent or unintentional disclosure of Confidential or Highly Confidential Material shall not be deemed a waiver of the designating Party's claim of confidentiality as to such information. In the event of an inadvertent disclosure of Confidential or Highly Confidential Material to a person not authorized by this Agreement to receive such materials, the Trustee or Defendants shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential or Highly Confidential Material subject to this Agreement and (ii) promptly make reasonable efforts to obtain the return of the Confidential or Highly Confidential Material from and preclude its dissemination or use by the person to whom disclosure was inadvertently made.

16) <u>Inadvertent Failure to Designate.</u>

The inadvertent or unintentional failure to designate information or documents as Confidential or Highly Confidential Material shall not be deemed a waiver of a Party's claim of

confidentiality as to such information. If a Party inadvertently fails to designate Confidential or Highly Confidential Material as such at the time of disclosure, that Party may thereafter make such designation and thereafter such document or information shall be subject to the provisions of this Agreement. No demonstration or proof of error, inadvertence, or excusable neglect by the designating Party shall be required for such designation. The Party or Parties, after receiving notice of this subsequent designation, shall diligently attempt to retrieve all copies of the undesignated materials, and thereafter such document or information shall be subject to the provisions of this Agreement.

17) No Waiver.

The provisions of Federal Rule of Evidence 502 shall apply to and govern the effect of disclosure of communications or information covered by the attorney-client privilege or work-product doctrine.

18) Reserved Rights.

Nothing contained herein shall prevent any person, following a meet and confer process and upon proper notice, from seeking a court order that authorizes different procedures or terms for the use of materials or information designated as Confidential or Highly Confidential Material.

19) Survival of Agreement.

This Agreement shall survive the final disposition of the Bankruptcy Proceedings, related litigation, and all appeals therefrom ("Termination"). Upon Termination, the Trustee shall promptly notify all Parties of the continuing nature of their obligations. Within 60 days after the receipt of the notice of the Termination, all Confidential or Highly Confidential Material and all copies thereof shall, to the extent legally permissible, be promptly returned to the designating

Party, or, upon permission of the designating Party, destroyed, provided, however, that: (i) each Party may retain a complete file of all depositions and court papers served or filed with the Court in the Proceeding; (ii) the attorneys for the Receiving Party may retain materials which, in their judgment, constitute or are a part of their work product; and (iii) all Confidential or Highly Confidential Material not returned or destroyed pursuant to this paragraph shall remain in all respects subject to the terms and provisions of this Agreement.

20) Execution.

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same Agreement, and the Parties agree that counterparts may be executed and served by facsimile or email, which counterparts shall be deemed originals. This Agreement may only be modified in writing signed by each of the Parties.

21) Additional Relief.

Nothing herein shall prevent any Party or Non-Party from seeking additional or different relief from the Court not specified in this Agreement.

22) Additional Parties.

To the extent any Non-Parties are later added or joined as Parties to the Proceedings, they may become parties to this Agreement, either before or after it is entered as an Order of Court, by executing a supplemental addendum signifying their assent to be bound by the terms of this Agreement.

23) Enforcement.

The Court shall have the authority, upon request of any designating Party, to enforce the provisions of this Agreement.

DM1\1994317.1

24) <u>Notices</u>.

All notices to the Parties as required by this Agreement shall be provided by email and overnight mail to counsel for Defendants and the Trustee:

Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
Attn:   Jeffrey Eberhard
Tel:    312-840-8602
Email: jeberhard@jenner.com

Kevin M. Flynn & Associates
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
Attn:   Kevin M. Flynn
Tel:    (312) 456-0240
Email: Kevin@kmflynnlaw.com

Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603
Attn:   Rachael G. Pontikes
Tel:    (312) 499-6700
Email:rgpontikes@duanemorris.com

Patzik, Frank & Samotny Ltd.
150 South Wacker Drive, Suite 1500
Chicago, Illinois 60606
Attn:   Phillip S. Reed
Tel:    (312) 551-8300
Email: preed@pfs-law.com

STIPULATED AND AGREED this 10th day of December 2009:

FREDERICK J. GREDE, as Trustee

COHEN & COMPANY SECURITIES, LLC

/s/ Anne P. Ray
One of his attorneys

/s/ Rachael G. Pontikes
One of its attorneys

DOLORES E. RODRIGUEZ

BARRY C. MOHR, JR.

/s/ Kevin M. Flynn
One of her attorneys

/s/ Phillip S. Reed
One of his attorneys

**SO ORDERED** this 10th day of December 2009

*[signature: James B. Zagel]*
United States District Judge

DM1\1994317.1

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK J. GREDE**, as Liquidation Trustee of the Sentinel Liquidation Trust, ) ) ) | |
| ) | Case No. 09 CV 00193 |
| Plaintiff, ) | |
| v. ) | |
| ) | Honorable James B. Zagel |
| **DELORES E. RODRIGUEZ,** ) | |
| **BARRY C. MOHR, JR., and** ) | |
| **COHEN & COMPANY SECURITIES, LLC,** ) | Mag. Judge Susan E. Cox |
| ) | |
| Defendants. ) | |
| ) | |

**UNDERTAKING REGARDING
CONFIDENTIAL AND/OR RESTRICTIVE INFORMATION**

My full name is _____. I am presently employed by _____ in the position of _____. My residence address is _____.

I hereby acknowledge that I am to have access to information designated in this litigation as CONFIDENTIAL or HIGHLY CONFIDENTIAL material, if permitted by the terms of the parties' Agreement in the above-captioned litigation. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Agreement entered ___, ___, 2009, in the above-captioned litigation, and that I have been given a copy of and have read said Agreement and agree to be bound by the terms thereof.

I further agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, regarding resolution of any matter pertaining to said Agreement.

Dated: _____   Signature: _____